In the Matter of Alfred D. BUSENLEH-NER and Faye Elaine Busenlehner, Debtors.

Roger W. MOISTER, Jr., as Chapter 7 Trustee for Alfred D. Busenlehner, and Faye Elaine Busenlehner, Plaintiffs,

v.

GENERAL MOTORS ACCEPTANCE CORPORATION, Defendant.

Bankruptcy No. A88–03589–ADK.
Adv. No. 88–0397A.

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

April 5, 1989.

Roger W. Moister, Jr., Atlanta, Ga., for plaintiffs.

John G. McCullough, Atlanta, Ga., for defendant.

## MEMORANDUM OF OPINION AND ORDER

A. DAVID KAHN, Chief Judge.

Plaintiff–Trustee filed the above-styled adversary complaint to recover an alleged preferential transfer pursuant to 11 U.S.C. § 547. It is before the Court on Plaintiff–Trustee's Motion for Summary Judgment. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2). For the following reasons this Court will grant Plaintiff–Trustee's Motion.

### I.

The Court finds that the following facts are undisputed:

On March 31, 1988, Mr. and Mrs. Busenlehner [Debtors herein] purchased a 1983 two-door Oldsmobile Cutlass automobile from McGiboney Pontiac Buick GMC. The purchase price for the automobile was $2,954.75. Also on March 31, 1988 Busenlehner executed a retail installment title contract to finance the purchase of the vehicle from McGiboney Pontiac Buick GMC. *See* Plaintiff's Exhibit B. McGiboney Pontiac Buick GMC assigned its rights to General Motors Acceptance Corporation (hereinafter "GMAC") under the retail installment title March 31, 1988.

On April 13, 1988, the Georgia Department of Motor Vehicles received the MV–1 title application from McGiboney Pontiac Buick GMC to register title to the vehicle in the name of Alfred D. Busenlehner. On April 26, 1988, Alfred D. and Faye Elaine Busenlehner filed a joint petition for relief under Chapter 7 of the Bankruptcy Code. Title to the vehicle was issued to Alfred D.

Busenlehner on April 27, 1988, showing GMAC as the first lien holder.

On June 20, 1988, the Debtors voluntarily surrendered the vehicle to GMAC. Pursuant to an agreement between Plaintiff–Trustee and GMAC, GMAC sold the vehicle to McConnell Auto Sales on July 1, 1988. *See* letter from Roger Moister dated June 2, 1988 attached to the Affidavit of John C. McCollough. The sale netted the sum of $2,813.00 to GMAC, which was less than the amount owed. McConnell Auto Sales then sold the vehicle to Barbara Currul on July 18, 1988 for approximately $5,900.00.

## II.

Section 547(b) of the Bankruptcy Code empowers the trustee to avoid certain transfers of the debtor's interest in property. Section 547(b) provides:

(b) Except as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Both parties are in agreement that all of the elements constituting a § 547 preference are met. However, GMAC asserts that it fits within one of the exceptions found in § 547(c).

Section 547(c)(3), the "enabling loan" exception, provides as follows:

(c) The trustee may not avoid under this section a transfer—

(3) that creates a security interest in property acquired by the debtor—

(A) to the extent such security interest secures new value that was—

(i) given at or after the signing of a security agreement that contains a description of such property as collateral;

(ii) given by or on behalf of the secured party under such agreement;

(iii) given to enable the debtor to acquire such property; and

(iv) in fact used by the debtor to acquire such property; and

(B) that is *perfected on or before 10 days after the debtor receives possession* of such property.

11 U.S.C. § 547(c)(3) (emphasis added).

The Parties dispute whether GMAC can satisfy subpart (B) of § 547(c)(3), which requires that GMAC's security interest be perfected on or before 10 days after the debtor received possession of the property. In contrast to this 10–day period, the Georgia statute which governs perfection of a security interest in motor vehicles allows a 20–day perfection period. O.C.G.A. § 40–3–50(b) provides:

A security interest is perfected by delivery to the commissioner of the existing certificate of title, if any, and an application for a certificate of title containing the name and address of the holder of a security interest, the date of his security interest, and the required fee. *It is perfected as of the time of its creation if the delivery is completed within 20 days thereafter;* otherwise, as of the date of the delivery to the commissioner. When the security interest is perfected as provided for in this subsection, it shall constitute notice of everybody of the security interest of the holder.

(Emphasis added.)

 Thus, the issue before the Court is whether § 547(c)(3)(B) overrides a longer

perfection period allowed under applicable state law. After considering the underlying policy for this provision in the Bankruptcy Code and the case law on point, the Court finds that it is the shorter perfection period found in § 547(c)(3)(B) which must control.

The Eleventh Circuit Court of Appeals has stated that "[t]he establishment of a ten day grace period was an effort to create a national uniform perfection period for enabling loans. Congress shortened the period from twenty-one days under the Bankruptcy Act to ten days under the current law." *Ford Motor Credit Co. v. Gower (In re Davis)*, 734 F.2d 604, 607 (11th Cir.1984) (citation omitted). Therefore, allowing the twenty-day perfection period found in O.C.G.A. § 40-3-50(b) to control in the context of preference litigation would undermine Congress' intent in setting the ten-day grace period.

In a case with similar facts to the one *sub judice*, the Court stated that "timely perfection under state law does not necessarily provide protection from the creation of a possible preference under the Bankruptcy Code." *Waldschmidt v. Ford Motor Credit Company (In re Murray)*, 27 B.R. 445, 448 (Bankr.M.D.Tenn.1983). That Court went on to state that

> [a]lthough Tennessee law is appropriate for determining the *date of perfection*, the *date of transfer* is governed by the provisions of § 547. 'The preference statute has its own rules.... Under the preference statute perfection relates back only as allowed by it.'... If a security interest is perfected *after* 10 days, however, the transfer is considered to be made on the date of perfection.

*Id.* (quoting *Ford Motor Credit Co. v. Ken Gardner Ford Sales, Inc, (In re Ken Gardner Ford Sales, Inc.)*, 10 B.R. 632, 643 (Bankr.E.D.Tenn.1981).

Additional support for applying the ten-day grace period in § 547 rather than a longer period found in state law is provided in § 546(b). This section 546(b) provides in pertinent part: "The rights and powers of a trustee under sections 544, 545, or 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection...." Section 546(b) omits § 547 from the list of avoidance provisions which must recognize a state-created, relation-back perfection right. Thus, the Trustee's power to avoid a preferential transfer is subject only to the ten-day grace period provided in § 547(3)(c)(B) and not to a longer grace period set by state law. *See Murray*, 27 B.R. at 448 citing *Ford Motor Credit Co. v. Ken Gardner Ford Sales, Inc.*, 10 B.R. 632, 643 (Bankr.E.D.Tenn.1981).

Since 13 days elapsed between the execution of the retail installment sales contract (executed on March 31, 1988) and the receipt of the MV-1 title application (received on April 13, 1988), the requirements of Bankruptcy Code § 547(c)(3)(B) have not been fulfilled. Therefore, the Plaintiff-Trustee may avoid the transfer.

■ The Parties dispute the value which Plaintiff-Trustee may recover from GMAC. Plaintiff-Trustee contends that he is entitled to recover $5,900.00, which is the amount Mcconnell Auto Sales received for the vehicle when it sold it to Barbara Currul. GMAC, on the other hand, contends that Plaintiff-Trustee is entitled to recover only $2,813.00, the net proceeds from the sale of the vehicle to McConnell Auto Sales. In a letter to attorney Gregson T. Haan, Plaintiff-Trustee stated the following: "I agree that GMAC may pick up these vehicles and sell them in a reasonably commercial manner if it will account to the Trustee and hold the proceeds pending establishment of perfection of GMAC's liens on these cars subject to the Trustee's claims, if any." Letter from Roger Moister, Plaintiff-Trustee herein dated June 2, 1988 attached to the Affidavit of John C. McCollough. Plaintiff-Trustee does not appear to contend that GMAC sold the vehicle in a commercially unreasonable manner. Therefore, the Court finds that Plaintiff-Trustee is entitled to recover $2,813.00 from GMAC.

Therefore, in accordance with the reasoning above, IT IS THE ORDER OF THE

COURT that Plaintiff–Trustee's Motion for Summary Judgment be, and the same hereby is, GRANTED.

IT IS THE FURTHER ORDER OF THE COURT that Defendant's Cross–Motion for Summary Judgment be, and the same hereby is, DENIED.

An appropriate Judgment is entered contemporaneously herewith.

IT IS SO ORDERED.