In re Alfred D. BUSENLEHNER, Faye Elaine Busenlehner, Debtors.

GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff–Appellee,

v.

Alfred D. BUSENLEHNER, Faye Elaine Busenlehner, Defendants–Appellants,

Roger W. Moister, Jr., Trustee.

No. 89–9047.

United States Court of Appeals, Eleventh Circuit.

Dec. 7, 1990.

Rehearing and Rehearing En Banc Denied Jan. 25, 1991.

Roger W. Moister, Jr., Atlanta, Ga., for defendants-appellants.

John G. McCullough, McCullough & Payne, James A. Pardo, Jr., King & Spalding, Atlanta, Ga., for plaintiff-appellee.

James C. Frenzel, Smith, Gambrell & Russell, Atlanta, Ga., for amicus Nat. Auto & Georgia Auto. Dealers Associations.

Before FAY and JOHNSON, Circuit Judges, and ALLGOOD *, Senior District Judge.

PER CURIAM:

This case arises from the district court's reversal of the bankruptcy court's grant of the trustee's motion for summary judgment.

* Honorable Clarence W. Allgood, Senior U.S. District Judge for the Northern District of Ala-

## I. FACTUAL BACKGROUND

On March 31, 1988, twenty-seven days before filing for bankruptcy, Alfred D. Busenlehner and Faye Elaine Busenlehner (the "Debtors") purchased a used car from McGiboney Pontiac Buick GMC in Atlanta, Georgia (the "Dealer"). The Debtors chose to finance the purchase of the car so they entered into a sales contract and a security agreement. The Dealer assigned the sales contract and security agreement to GMAC on the same day.

On April 13, 1988, the Georgia Department of Motor Vehicles received from the Dealer an MV-1 title application, thereby perfecting the security interest under Georgia law. Ga.Code Ann. § 40-3-50(b) (1989). A title was issued on April 27, 1988 which listed Mr. Busenlehner as the owner of the car and GMAC as the first lienholder.

The Debtors voluntarily filed a joint petition in bankruptcy under Chapter 7 of the Bankruptcy Code on April 26, 1988. Roger W. Moister, Jr., the appointed trustee (the "Trustee"), then brought this adversary proceeding against GMAC in the bankruptcy court on August 3, 1988.

The Trustee claimed that the GMAC's perfection of its security interest in the used car and its subsequent liquidation of the car were preferential transfers that were void under Section 547 of the Bankruptcy Code. GMAC responded that the security interest was not void because Section 547(e)(1)(B) permits the use of state relation-back statutes. The bankruptcy court rejected GMAC's argument and it granted the Trustee's motion for summary judgment. 98 B.R. 600.

On appeal to the district court, GMAC reasserted the Section 547(e)(1)(B) argument that had been rejected by the bankruptcy court. The district court reversed the bankruptcy court. The district court, however, did not reach GMAC's Section 547(e)(1)(B) argument because, over the Trustee's objection, the court permitted GMAC to assert a new argument that

bama, sitting by designation.

Bankruptcy Rule 9006(a) regulates the method by which courts should calculate all periods of time contained in the Bankruptcy Code. Therefore, the district court held that under the Rule 9006(a) counting scheme, GMAC had perfected its security interest within the ten days required by Section 547(c)(3).

## II. ANALYSIS

■ The interpretation of the Bankruptcy Rules and Code by the bankruptcy court and the district court is subject to *de novo* review by this Court. *Chase & Sanborn Corp. v. Arab Banking Corp.*, 904 F.2d 588 (11th Cir.1990).

■ Under Section 547(b) of the Bankruptcy Code, trustees may bring a preference action and void "any transfer of an interest" in the debtor's property which meets five basic requirements. The parties agree that the transfer of the security interest currently being challenged meets each of the five basic requirements of Section 547(b). The litigants, however, are disputing whether this transfer falls within one of the seven exceptions to preference actions created by Section 547(c). We hold that it does.

Section 547(c)(3) prevents trustees from avoiding enabling loans [1] that meet certain conditions. In the case at hand, the only dispute is whether the secured loan complied with the requirement that the loan be "perfected on or before 10 days after the debtor receive[d] possession" of the property. 11 U.S.C.A. § 547(c)(3)(B). The Trustee argues that the security interest was perfected on the thirteenth day following the signing of the security agreement. GMAC argues that under Section 547(c), the physical act of perfecting a lien does not need to occur within the ten day period as long as, under state law, the security interest is deemed perfected within that period.

The issue that confronts us in this case is the meaning of Section 547(c)(3)(B)'s phrase "perfected on or before ten days." The code defines the phrase in Section 547(e)(1)(B). Section 547(e) governs the timing, for preference purposes, when a transfer is made and when a transfer is perfected. This case presents this panel with a dispute over the latter event. Section 547(e)(1)(B) states:

A transfer ... is perfected when a creditor on a simple contract cannot acquire a judicial lien that is superior to the interest of the transferee.

Thus, in order to determine when perfection occurs under Section 547, it is necessary to ascertain when the perfected security interest can beat a judicial lien in a priority battle. As this Court held in a related context, "This determination must be made by reference to state law." *Askin Marine Co. v. Conner (In Re Conner)*, 733 F.2d 1560, 1562 (11th Cir.1984).

Therefore we must turn to Georgia state law to determine when the perfected security interest can beat a judicial lien in a priority battle. If this occurs within ten days of the date the loan was made, then the security interest cannot be avoided as a preference. Georgia law states that a security interest in a motor vehicle is perfected "as of the time of its creation if the delivery [to the Department of Motor Vehicles of the proper documents] is completed within 20 days." Ga.Code Ann. § 40-3-50(b) (1989). In the case at hand, the correct documents were delivered to the commissioner within the statutory twenty days. Under state law, the security interest was deemed to have been perfected the moment that the security interest was created. *Id.*

The question then is whether any hypothetical judicial lien could beat this perfected security interest in a priority battle. The Georgia statute is fairly clear that judicial liens created either contemporane-

---

1. Enabling loans are essentially equivalent to the U.C.C. Article Nine's purchase money securi-          ty interests.

ously or after the creation of the security agreement are all subordinate to this perfected security interest. Ga.Code Ann. § 40–3–50(a) (1989).[2]

Because the Bankruptcy Code adopts state law under Section 547(e)(1)(B), the date of perfection for preference actions in this case is the date of the initial enabling loan. Therefore, GMAC perfected the enabling loan within the necessary ten-day period.

This conclusion is supported by the policies underlying preference law. The goal of the drafters of this provision of the 1978 Bankruptcy Reform Act was to bring preference law "more into conformity with commercial practices and the Uniform Commercial Law." S.Rep. No. 989, 95th Cong., 2d Sess. 87 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5873. Creditors are encouraged by our legal system to secure their loans. The general message to creditors is that should they follow state commercial law their secured loans will be protected in bankruptcy.

By limiting the effect of state relation-back statutes in bankruptcy, legitimate commercial practices are penalized. To hold for the Trustee in this case may be beneficial in that it creates a larger estate to pay administrative expenses and unsecured claims. But this benefit is outweighed in that the original enabling loan increased the size of the estate. The creditor, moreover, lent the money in the expectation that the creditor's compliance with state law was sufficient to protect the loan. Debtors should not be given the ability to surprise and upset established commercial practices by filing for bankruptcy and avoiding this otherwise acceptable security interest.

### III.   CONCLUSION

For the foregoing reasons, the district court's holding is AFFIRMED.[3]

---

**2.** Ga.Code Ann. § 40–3–50(a) (1989) states in part:

the security interest in a vehicle ... shall be perfected and shall be valid against subsequent creditors of the owner, subsequent transferees, and the holders of security interests and liens on the vehicle by compliance with this chapter.

**3.** Because we rest our holding on the basis of Section 547(e), we leave for another day the propriety of using Rule 9006(a) to calculate the periods of time contained in the Bankruptcy Code.