C. Kenneth STILL, Petitioner,

v.

**FIRST TENNESSEE BANK,
N.A., Respondent.**

Supreme Court of Tennessee,
at Nashville.

June 5, 1995.

Harold L. North, Jr., Chattanooga, for petitioner.

Thomas L.N. Knight, Chattanooga, for respondent.

## *OPINION*

BIRCH, Justice.

Pursuant to Rule 23, Rules of the Tennessee Supreme Court, the United States District Court for the Eastern District of Tennessee, Chattanooga, certified two questions of law to this Court. We accepted them. They arose out of a bankruptcy action and are as follows:

1. Does Tenn.Code Ann. § 55-3-137 implicitly repeal all or part of Tenn.Code Ann. § 55-3-126, to the effect that a creditor may now perfect a security interest in a motor vehicle by merely delivering to the appropriate government official the existing certificate of title, if any; an application for certifi-

cate of title containing the name and address of the holder of security interest or lien; and the required fee; and

2. If and only if question (1) is answered in the affirmative, to which county clerk, if any, is such delivery to be made under Tenn.Code Ann. § 55–3–137.

Because we conclude that the first question must be answered in the negative, we do not address the second question.

## I

■ Tenn.Code Ann. § 55–3–125, originally enacted in 1951 and amended in 1978, provides as follows:

**55–3–125 Liens and encumbrances—Filing**

No conditional sales contract, chattel mortgage, or other lien or encumbrance or title retention instrument upon a registered vehicle ... shall be valid against the creditors of an owner or subsequent purchasers or encumbrancers, until the requirements of this section and § 55–3–126 have been complied with, unless such creditor, purchaser, or encumbrancer has actual notice of the prior lien.

Tenn.Code Ann. § 55–3–126, originally enacted in 1961 and amended in 1968, 1978, and 1984, provides as follows:

**55–3–126 Constructive notice of lien upon filing request for notation—Method of giving notice**

(a) Such filing and the notation of the lien or encumbrance upon the certificate of title as provided in chapters 1–6 of this title shall constitute constructive notice of all liens and encumbrances against the vehicle described therein to creditors of the owner, to subsequent purchasers and encumbrancers, except such liens as may be authorized by law dependent upon possession. Constructive notice shall date from the time of first receipt and filing of the request for the notation of the lien or encumbrance upon the certificate of title by either the division or the county clerk acting as agent for the division, as shown by its endorsements on such documents.

(b) Notwithstanding any provisions of the law to the contrary, the method provided in this section and § 55–3–125 of certifying a lien or encumbrance upon a motor vehicle, mobile home, house trailer or other mobile structure, whether or not taxed as real property, subject to the provisions of chapter 1–6 of this title relative to the issuance of certificates of title, shall be exclusive except as to liens depending upon possession and the lien of the state for taxes established pursuant to title 67, chapter 1, part 14; provided, that §§ 66–24–101, 66–26–101, 66–26–105 and 66–26–110, or any other sections, shall not be construed to require the deposit, filing or other record whatsoever of a chattel mortgage, deed of trust conveyance intended to operate as a mortgage, trust receipt, or other similar instrument. It is the intent of this section that any mortgage, trust receipt or other similar instrument of indebtedness required by chapter 1–6 of this title shall be noted upon the certificate of title only, and shall not be required to be made a public record elsewhere.

(c) With respect to implements of husbandry and special mobile equipment, the perfection of a security interest under chapters 1–6 of this title is not effective until the lienholder has complied with the provisions of applicable property, and any person who receives a transfer of an interest in such equipment without knowledge of the certificate is not prejudiced by reason of its existence.

In 1991, the Tennessee Legislature enacted Tenn.Code Ann. § 55–3–137, which provides as follows:

**55–3–137 Perfection of lien or security interest—Procedure—Notice**

(a) A lien or security interest in a vehicle of the type for which a certificate is required shall be perfected and shall be valid against subsequent creditors of the owner, subsequent transferees, and the holder of security interests and liens on the vehicle by compliance with this chapter.

(b)(1) A security interest or lien is perfected by delivery to the county clerk of the existing certificate of title, if any, and an application for a certificate of title contain-

ing the name and address of the holder of a security interest or lien and the required fee.

(2) The security interest is perfected as of the time of its creation if the delivery is completed within twenty (20) days thereafter, otherwise as of the date of the delivery to the county clerk.

(3) When the security interest is perfected as provided for in this subsection, it shall constitute notice to everybody of the security interest or lien of the holder.

As was recognized by the Bankruptcy Court in the present proceeding, there is an obvious conflict between Tenn.Code Ann. § 55–3–126 and Tenn.Code Ann. § 55–3–137. The former establishes a "notation" system for the perfection of a lien on a motor vehicle which requires the actual notation of the lien on the Certificate of Title as the essential act of perfection. On the other hand, the latter appears to establish a "delivery" system which permits perfection of liens by the mere delivery of the specified papers and fees to the county clerk.

■ There is a presumption that statutes are not repealed by implication. *Jenkins v. Loudon County,* 736 S.W.2d 603, 608 (Tenn.1987). However, repeal by implication is recognized as a matter of necessity. *Texas Co. v. McCanless,* 148 S.W.2d 360, 363 (Tenn.1941). The question of repeal by implication is a question of legislative intent. *Hart v. Pierce,* 88 S.W.2d 798, 800 (Tenn. 1936).

■ While the statutes under discussion appear to be clear on their face, they are ambiguous when considered in *pari materia.* Thus, we look to the legislative history in order to ascertain the legislature's intent. Not much legislative history is available regarding the adoption of Tenn.Code Ann. § 55–3–137; however, the statements of the proponents of this legislation indicate that the legislature did not intend to drastically change the lien perfection law; the intention, as we discern it, was simply to extend the period for perfecting a lien on a motor vehicle title from ten (10) to twenty (20) days.

Representative Rhinehart's comments on March 14, 1991, in the House Calendar and Rules Committee emphasize that "this [bill] would allow up to 20 days to perfect a lien, and after the 20 days a lien would be perfected on the day it was filed with the county court clerk." Senator Hamilton clarified the purpose of the statute when he stated on April 10, 1991, in the Senate Transportation Committee that "680 is a—a bill dealing with perfection of motor vehicle liens. Right now, the practice based on bankruptcy is ten days to perfect your lien without losing your—your security interest in the vehicle. What this bill does is let you go to 20 days to get it, on the Georgia law which has been upheld in federal court." (Senator Hamilton is referring to Georgia's enactment of a similar statute to Tenn.Code Ann. § 55–3–137. The Eleventh Circuit held that the "relation back statute" was not contrary to federal bankruptcy law and the policies of the Bankruptcy Act. *See General Motors Acceptance Corp. v. Busenlehner (In Re: Busenlehner),* 918 F.2d 928, 930 (11th Cir.1990)).

■ When the Court can gather the paramount intention of the legislative action, such intention will be given effect, although there may exist some apparent obstacles. *Rawlins v. Braswell,* 231 S.W.2d 1021, 1023 (Tenn.1950). The Court should also consider the existing state of the law, the circumstances contemporaneous to the enactment of the new law, the facts which induced the new law, and the evils sought to be remedied. *First Nat'l Bank v. Howard,* 253 S.W. 961, 962 (Tenn.1923). We have found no legislative history to support a holding that Tenn. Code Ann. § 55–3–137 implicitly repeals Tenn.Code Ann. § 55–3–126. We are persuaded by the existing legislative history that it was the legislature's intention to change only the number of days in which a lien on a motor vehicle could be filed in order to achieve perfection at the creation of the lien. Our opinion is buttressed by the fact that the legislature made no other changes to this section of the code.

Tennessee has long been a "notation" state. In this regard, a lien on a motor vehicle was not perfected unless a notation of the lien is impressed on the certificate of title. When this notation was made, the law allowed constructive notice to date back to

the date of delivery to the county court clerk. Tenn. Code Ann. § 55–3–126. In addition, the practice in Tennessee is to allow the lienor to retain possession of the certificate of title until the debt is paid. Tenn.Code Ann. § 55–3–123. This provides the lienor ample opportunity to ensure that its interest in the security is protected.

We find that the "notation" system of perfecting a security interest in a motor vehicle is firmly entrenched in Tennessee law.[1] The legislature is presumed to understand the state of the law. *Equitable Life Assurance Co. of United States v. Odle*, 547 S.W.2d 939, 941 (Tenn.1977). Changing from a "notation" system to a "delivery" system would be a significant change in Tennessee law. We cannot conclude that this was done by Tenn.Code Ann. § 55–3–137 and that the failure to explicitly repeal Tenn.Code Ann. § 55–3–126 was a mere legislative oversight.

Therefore we find that Tennessee is still a notation state. That is, a security interest in a motor vehicle is not perfected until a notation of the lien is made on the certificate of title. When such notation is made, the date of perfection dates from the time of delivery to the county clerk. Further, under Tenn. Code Ann. § 55–3–137, if the date of delivery which leads to notation is within 20 days of the date on which the security interest arose, the date of perfection will be deemed the date on which the interest was created.[2] To hold otherwise would force a conclusion that Tennessee has changed from a "notation" system to a "delivery" system and would permit the inference that the legislature neglected to repeal Tenn.Code Ann. § 55–3–126. This we cannot do.

ANDERSON, C.J., and DROWOTA and REID, JJ., concur.

O'BRIEN, S.J., not participating.

---

1. It should be noted that under Tenn.Code Ann. § 55–3–126, "notwithstanding *any* provisions of law to the contrary, [the "notation" method] ... *shall* be exclusive...." Tenn.Code Ann. § 55–3–126(b) (emphasis added).

2. Under the prior law, in order to have perfection date from the time of the creation of the interest, delivery to the county clerk must have been made within 10 days.