IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
June 21, 2022 Session

## KNOXVILLE TVA EMPLOYEES CREDIT UNION v. GREG HILL ET AL.

**Appeal from the Circuit Court for Roane County**
**No. 73CC1-2019-CV-41        Frank V. Williams, III, Chancellor**

———————————————————

**No. E2021-01341-COA-R3-CV**

———————————————————

This case involves two creditors, each claiming a superior interest in the same motor vehicle, which was pledged as collateral for two separate loans by its owner. The trial court granted summary judgment in favor of the creditor that had perfected its title lien on the vehicle. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Affirmed; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

Tom McFarland, Kingston, Tennessee, for the appellant, Greg Hill d/b/a Hill Bonding.

Matthew W. Graves and Eli N. Hardin, Knoxville, Tennessee, for the appellee, Knoxville TVA Employees Credit Union.

**OPINION**

I. Factual and Procedural Background

This case originated with the filing of a "Summons to Recover Personal Property" in the Roane County General Sessions Court on July 30, 2018, by Knoxville TVA Employees Credit Union ("KTVA"). Greg Hill d/b/a Hill Bonding was the named defendant. KTVA sought a monetary judgment in the amount of $17,368.32 plus interest and recovery of a 2009 Ford F150 ("the Vehicle") that was in Mr. Hill's possession.

KTVA's claim was based on a security agreement previously executed by the Vehicle's owner, James A. Foist, on August 8, 2017. By that agreement, Mr. Foist had

pledged the Vehicle as security for a loan. KTVA asserted that Mr. Foist subsequently had defaulted under the security agreement by failing to make his payments. KTVA attached to the summons a copy of the security agreement and a copy of the Vehicle's title certificate, bearing number 03285180. The title certificate indicated that it had been issued on September 7, 2017, with the notation of KTVA as first lienholder. The general sessions court found in Mr. Hill's favor and dismissed KTVA's claim.[1] KTVA promptly appealed that ruling to the Roane County Circuit Court ("trial court").

On April 5, 2019, KTVA filed a motion for a temporary restraining order against Mr. Hill, to prevent him from using or disposing of the Vehicle or otherwise altering its condition pending trial. KTVA concomitantly filed a motion for summary judgment, asserting that there were no genuine issues of material fact and that KTVA was entitled to judgment as a matter of law. KTVA claimed that when it had loaned money to Mr. Foist, One Main Financial Group, LLC ("One Main"), provided a copy of the Vehicle's title certificate, bearing number 89845561 and identifying One Main as the first lienholder. When KTVA made the loan to Mr. Foist secured by the Vehicle, the lien held by One Main was released and a new title certificate was issued (number 03285180) listing KTVA as first lienholder.

According to KTVA, Mr. Foist defaulted on the loan within a few months by failing to make the required payments. KTVA then declared the loan in default and accelerated the full amount of the debt pursuant to the security agreement. KTVA hired a repossession agent to locate the Vehicle and discovered it to be in the possession of Mr. Hill, who refused to relinquish it. KTVA stated that agents of Mr. Hill had also removed the transmission from the vehicle and delivered it to a mechanic, who remained in possession thereof.

KTVA explained that when Mr. Foist originally obtained title to the Vehicle from his mother in 2016, he was issued title certificate number 96927193. Approximately two months later, Mr. Foist submitted an application for a replacement title certificate to the State of Tennessee, and the State issued a replacement title certificate in Mr. Foist's name on April 20, 2016, bearing number 96928784. Mr. Foist utilized this replacement title to secure a loan from Homeland Community Bank. Homeland Community Bank caused a new title certificate to be issued, bearing number 96928811 and reflecting Homeland Community Bank as the lienholder. Thereafter, Mr. Foist refinanced the Vehicle with One Main, causing another title certificate to be issued on January 5, 2017, bearing number 89845561 and including the notation of One Main as lienholder. Mr. Foist subsequently obtained a loan from KTVA utilizing the Vehicle as collateral, resulting in the issuance of title certificate number 03285180, which title identified KTVA as first lienholder.

---

[1] We are unable to determine the basis for the general sessions court's ruling from the documents in the appellate record.

In support of its motion for summary judgment, KTVA asserted that it had perfected its security interest in the Vehicle by complying with the provisions of Tennessee Code Annotated § 55-3-126. Regarding Mr. Hill, KTVA posited that he had never perfected a lien or security interest relative to the Vehicle. As such, KTVA urged that it was entitled to possession of the Vehicle. KTVA filed various affidavits and other documents in furtherance of its motion, including copies of the above-referenced title certificates. KTVA also filed a statement of undisputed material facts.

On June 6, 2019, Judge Jeffery Wicks entered an order directing that Chancellor Frank V. Williams, III, would preside over this matter by interchange, by reason of Judge Michael Pemberton's *sua sponte* recusal. On December 7, 2020, Mr. Hill filed a response to KTVA's statement of undisputed facts, disputing certain statements by KTVA and asserting that the Vehicle secured a loan Mr. Hill had made to Mr. Foist. Mr. Hill claimed that KTVA did not hold a perfected lien because the title KTVA had received was invalid. Mr. Hill attached a copy of the title he had acquired from Mr. Foist, which was issued on March 4, 2016, bore the number 96927193, and reflected no lienholder notation.

Following a hearing conducted on September 6, 2021, the trial court entered an order on October 12, 2021, granting summary judgment in favor of KTVA upon finding:

1. Mr. Foist had submitted a request for a duplicate title certificate to the Tennessee Department of Revenue in April 2016.

2. The State issued a duplicate title certificate, bearing number 96928784, to Mr. Foist on April 20, 2016, and Mr. Foist subsequently used that title certificate to secure a loan from Homeland Community Bank.

3. Neither Mr. Foist nor Homeland Community Bank was aggrieved by the issuance of the duplicate title certificate upon Mr. Foist's request, and therefore it was not necessary for Mr. Foist or Homeland Community Bank to request a formal hearing pursuant to Tennessee Code Annotated § 55-3-113 or the Uniform Administrative Procedures Act.

4. Mr. Foist subsequently refinanced the Vehicle and granted a security interest to KTVA, with such interest reflected on title certificate number 03285180.

5. KTVA's interest is superior to Mr. Hill's interest in the Vehicle.

The trial court therefore awarded possession of the Vehicle to KTVA. The court also directed entry of a final judgment pursuant to Tennessee Rule of Civil Procedure 54.02. Mr. Hill timely appealed.

## II. Issues Presented

Mr. Hill presents the following issue for this Court's review, which we have restated slightly:

1.      Whether the trial court erred by granting summary judgment in favor of KTVA.

KTVA presents the following additional issues, which we have also restated slightly:

2.      Whether Mr. Hill waived the issues raised in his appellate brief by failing to comply with the Tennessee Rules of Appellate Procedure and the Rules of the Court of Appeals.

3.      Whether the certificate of title upon which Mr. Hill relies is void by operation of law.

4.      Whether the trial court correctly determined that KTVA enjoyed first lienholder status regarding the Vehicle and was entitled to possession.

## III. Standard of Review

The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness. *See Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 250 (Tenn. 2015); *Dick Broad. Co. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)). As such, this Court must "make a fresh determination of whether the requirements of Rule 56 of the Tennessee Rules of Civil Procedure have been satisfied." *Rye*, 477 S.W.3d at 250. "Statutory construction is a question of law that is reviewable on a de novo basis without any presumption of correctness." *In re Estate of Tanner*, 295 S.W.3d 610, 613 (Tenn. 2009).

As our Supreme Court has explained respecting the requirements for a movant to prevail on a motion for summary judgment pursuant to Tennessee Rule of Civil Procedure 56:

[W]hen the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by

affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense. We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. Rather, Tennessee Rule 56.03 requires the moving party to support its motion with "a separate concise statement of material facts as to which the moving party contends there is no genuine issue for trial." Tenn. R. Civ. P. 56.03. "Each fact is to be set forth in a separate, numbered paragraph and supported by a specific citation to the record." *Id.* When such a motion is made, any party opposing summary judgment must file a response to each fact set forth by the movant in the manner provided in Tennessee Rule 56.03. "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment stage* "showing that there is a genuine issue for trial." Tenn. R. Civ. P. 56.06. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.,* 475 U.S. [574,] 586, 106 S. Ct. 1348, [89 L. Ed. 2d 538 (1986)]. The nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party. If a summary judgment motion is filed before adequate time for discovery has been provided, the nonmoving party may seek a continuance to engage in additional discovery as provided in Tennessee Rule 56.07. However, after adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the existence of a genuine issue of material fact for trial. Tenn. R. Civ. P. 56.04, 56.06. The focus is on the evidence the nonmoving party comes forward with at the summary judgment stage, not on hypothetical evidence that theoretically could be adduced, despite the passage of discovery deadlines, at a future trial.

*Rye,* 477 S.W.3d at 264-65. "Whether the nonmoving party is a plaintiff or a defendant—and whether or not the nonmoving party bears the burden of proof at trial on the challenged claim or defense—at the summary judgment stage, '[t]he nonmoving party must demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in favor of the nonmoving party.'" *TWB Architects, Inc. v. The Braxton, LLC,* 578 S.W.3d 879, 889 (Tenn. 2019) (quoting *Rye,* 477 S.W.3d at 265). Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal

grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *See Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014).

## IV. Waiver

As a threshold issue, KTVA argues that Mr. Hill's appeal should be dismissed due to his failure to comply with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6 with regard to his initial appellate brief. KTVA posits that Mr. Hill's initial brief contains no citations to the technical record to support the factual assertions contained therein.

Although we agree with KTVA on this point, we also recognize that Mr. Hill's subsequent reply brief appears to be a reproduction of his initial brief but with the addition of the missing record citations to support his assertions of fact. While cautioning that such practice is not condoned by this Court, we nonetheless determine that Mr. Hill has substantially complied with Tennessee Rule of Appellate Procedure 27 and Tennessee Court of Appeals Rule 6 with the filing of the reply brief such that he has not waived his issue on appeal. *See, e.g., Buckner v. Goodman*, No. E2016-00150-COA-R3-CV, 2016 WL 7479141, at *12 (Tenn. Ct. App. Dec. 29, 2016). We will therefore proceed to address the substance and merits of Mr. Hill's appeal.

## V. Propriety of Summary Judgment

Mr. Hill contends that the trial court improperly granted summary judgment in favor of KTVA because (1) Mr. Foist obtained title to the Vehicle on March 4, 2016, by virtue of title certificate number 96927193; (2) Mr. Foist later pledged that same original title certificate to Mr. Hill as collateral on a bond to secure his release from the Roane County jail; and (3) no evidence was presented to demonstrate that this title certificate was lost, stolen, mutilated, or illegible as required by Tennessee Code Annotated § 55-3-115(a) for issuance of a replacement title certificate. By contrast, KTVA advances the position that when a replacement title certificate was issued by the State in 2016, the previous title certificate became void by operation of law pursuant to § 55-3-115(b). Upon our thorough review, we agree with KTVA.

As our Supreme Court has explained:

> The party seeking the summary judgment has the burden of demonstrating that no genuine disputes of material fact exist and that it is entitled to a judgment as a matter of law. For facts to be considered at the summary judgment stage, they must be included in the record, Tenn. R. Civ. P. 56.03, and they must be admissible in evidence. *Byrd v. Hall*, 847

S.W.2d 208, 215-16 (Tenn. 1993); Tenn. R. Civ. P. 56.06. When ascertaining whether a genuine dispute of material fact exists in a particular case, the courts must focus on (1) whether the evidence establishing the facts is admissible, (2) whether a factual dispute actually exists, and, if a factual dispute exists, (3) whether the factual dispute is material to the grounds of the summary judgment.

*Green v. Green*, 293 S.W.3d 493, 513 (Tenn. 2009) (other internal citations omitted).

Relevant to this action, Tennessee Code Annotated § 55-3-115 (2020) provides:

(a)     In the event any certificate of title is lost, mutilated, or becomes illegible, the owner or a legal representative or successor in interest of the owner of the vehicle for which the same was issued, as shown by the records of the department, shall immediately make application for and obtain a replacement upon the payment of the fee provided in § 55-6-101.

(b)     Upon issuance of any replacement or duplicate certificate of title, the previous certificate that was issued shall be void; provided, that any such replacement or duplicate certificate of title shall be forwarded by the department to the person as is entitled to possession of the certificate of title under § 55-3-114(d).

The record establishes that a replacement certificate of title was issued to Mr. Foist in 2016, replacing title certificate number 96927193, which Mr. Hill relies upon, with title certificate number 96928784, which KTVA relies upon. According to the statute, once such replacement or duplicate certificate of title is issued and sent to the person entitled to its possession, "the previous certificate that was issued <u>shall be void</u>." Tenn. Code Ann. § 55-3-115(b) (emphasis added). Accordingly, title certificate number 96927193 was rendered void when title certificate number 96928784 was issued to Mr. Foist as a replacement. KTVA's lien is noted on title certificate number 03285180, which derives from the replacement title certificate number 96928784.

Mr. Hill postulates that KTVA cannot rely on the issuance of a replacement certificate of title to establish its chain of title because Tennessee Code Annotated § 55-3-115(a) requires a showing that the original title certificate was lost, mutilated, or illegible. Mr. Hill claims that he has possession of the original title certificate, and to evince his position, attached a copy of it to his response to KTVA's statement of undisputed facts. Mr. Hill urges that a dispute of material fact precludes summary judgment because he has demonstrated that the original title certificate was not lost, mutilated, or illegible. However, we conclude that inasmuch as title certificate number 96927193 became void

- 7 -

when a replacement title certificate was issued, the fact that the original title still exists is of no consequence. *See, e.g.*, *Green*, 293 S.W.3d at 513.

The statutory scheme regarding issuance of vehicle title certificates and replacement title certificates presumes that if a certificate is issued, the required information was furnished by the applicant and the required fee was paid. *See, e.g.*, Tenn. Code Ann. § 55-3-112 (2020) (listing potential reasons for the State's refusal to issue a title certificate). County clerks, acting for the State, have the authority to issue replacement title certificates upon receipt of an application and examination of the State's records. *See* Tenn. Code Ann. § 55-3-114(a)(1), (2) (2020). Contrary to Mr. Hill's assertions, the statute does not expressly state that any documentary evidence is required in addition to the application for a replacement certificate. "When the statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would limit or expand the statute's application." *Eastman Chem. Co. v. Johnson*, 151 S.W.3d 503, 507 (Tenn. 2004).

In the case at bar, Mr. Foist ostensibly endeavored to secure a loan from Mr. Hill by presenting a void certificate of title to the Vehicle in order to defray the expense of obtaining bond. However, such did not affect KTVA's superior, perfected security interest in the Vehicle. Tennessee Code Annotated § 55-3-126 (a) (2020) provides that "a lien or security interest in a vehicle of the type for which a certificate is required shall be perfected and shall be valid against subsequent creditors of the owner, subsequent transferees, and the holders of security interest and liens on the vehicle by compliance with this chapter." Tennessee Code Annotated § 55-3-126 (c) further provides that "[w]hen the security interest is perfected as provided for in this section, it shall constitute notice of all liens and encumbrances against the vehicle described in the security interest to creditors of the owner" and "notice shall date from the time of first delivery of the request for the notation of the lien or encumbrance upon the certificate of title by the county clerk." *See also Mfrs. Acceptance Corp. v. Vaughn*, 305 S.W.2d 513, 520 (Tenn. Ct. App. 1956) (explaining that "notation [of a lien on the title certificate] is constructive notice to the world of the existence of the lien.").

Pursuant to the respective security agreement, KTVA was identified as first lienholder on the Vehicle's valid certificate of title, bearing number 03285180. Ergo, KTVA held a perfected security interest in the Vehicle, valid against any subsequent creditors of Mr. Foist, the Vehicle's owner, or anyone else claiming a security interest in the Vehicle. *See* Tenn. Code Ann. § 55-3-126 (a). In addition, such lien noted on the Vehicle's title constituted constructive notice to all creditors of the owner. Tenn. Code Ann. § 55-3-126 (c).

Moreover, Title 55 of the Tennessee Code also provides a method by which a potential creditor can determine whether title to a particular vehicle is encumbered by a

lien or a particular debtor has liens recorded. Pursuant to Tennessee Code Annotated § 55-3-126(f)(6) (2020):

> Upon request of any person, the secretary of state may issue a certificate showing whether there is on file, on the date stated therein, any presently effective liens naming a particular debtor, giving the date and hour of filing of each effective lien, and the vehicle identification number and the name of the lienholder. The fee for this certificate shall be ten dollars ($10.00). Upon request, the secretary of state shall furnish a copy of any filed lien for a uniform fee of one dollar ($1.00) per page.

Accordingly, had Mr. Hill submitted a request pursuant to Tennessee Code Annotated § 55-3-126(f)(6) before lending money to Mr. Foist, he would have been apprised of KTVA's superior lien concerning title to the Vehicle. However, no evidence was presented that Mr. Hill made such a request.

Viewing the facts in the light most favorable to Mr. Hill, as we must upon review of a grant of summary judgment, we find no question that the vehicle title certificate Mr. Hill claims to possess, and upon which he predicates his claim of a superior interest in the Vehicle, was voided by operation of law when a replacement certificate of title was issued. Furthermore, as this Court has elucidated:

> Compliance with Tennessee's motor vehicle title and registration statutes is the exclusive means for perfecting a security interest in automobiles that are not part of a dealer's inventory. Perfecting a security interest under these statutes requires both the filing of an application and the notation of the lien on the certificate of title.

*Keep Fresh Filters, Inc. v. Reguli*, 888 S.W.2d 437, 445 (Tenn. Ct. App. 1994). *See Still v. First Tenn. Bank, N.A.*, 900 S.W.2d 282, 285 (Tenn. 1995) (explaining that "a security interest in a motor vehicle is not perfected until a notation of the lien is made on the certificate of title."). KTVA has demonstrated perfection of its lien on the Vehicle by virtue of its first lienholder notation on a valid title certificate, number 03285180.

By contrast, Mr. Hill has failed to demonstrate a superior security interest in the Vehicle. Mr. Hill has presented neither a valid title certificate regarding the Vehicle nor a title certificate with a notation of his purported lien. *See Keep Fresh*, 888 S.W.2d at 445. As this Court further recognized, although "the motor vehicle title and registration statutes control the filing requirements for perfecting security interests in automobiles, the Uniform Commercial Code still provides the rules for determining priorities among persons claiming an interest in the same automobile." *Id*. at 442. "Secured parties, even unperfected secured parties, have greater rights in collateral than any other creditor unless Article Nine provides otherwise." *Id*.

Article Nine of Tennessee's Uniform Commercial Code provides that "[a] perfected security interest or agricultural lien has priority over a conflicting unperfected security interest or agricultural lien." Tenn. Code Ann. § 47-9-322 (2013). Inasmuch as Mr. Hill has failed to demonstrate a superior security interest in the Vehicle, KTVA's perfected security interest maintains priority over any interest that Mr. Hill may possess as a creditor of the Vehicle's owner. Therefore, having determined that no genuine issues of material fact exist in this matter, and having further concluded that KTVA is entitled to summary judgment as a matter of law concerning possession of the Vehicle, we affirm the trial court's judgment.

## VI. Conclusion

For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of KTVA. Costs on appeal are assessed to the appellant, Greg Hill d/b/a Hill Bonding. This case is remanded to the trial court for collection of costs assessed below.

s/Thomas R. Frierson, II

_____
THOMAS R. FRIERSON, II, JUDGE